IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02237-PAB

ANA MARIA TARAZONA-ABRIL,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Denver Field Office Director of Immigration and Customs Enforcement,
TODD LYONS, Acting Director of Immigration and Customs Enforcement,
DAREN MARGOLIN, EOIR Director, U.S. Department of Justice,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Ana Maria Tarazona-Abril's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 9.

## I.    BACKGROUND[1]

Petitioner is a national of Colombia who entered the United States without inspection or parole on May 12, 2022. Docket No. 1 at 4, 10, ¶¶ 12, 37. On May 14, 2022, petitioner was served with a Notice to Appear that classified her as an "alien present in the United States who has not been admitted or paroled." *Id.* at 11, ¶ 38. That same day, petitioner was issued Form I-220A, Order of Release on Recognizance,

---

[1] The following facts are undisputed unless otherwise noted.

that stated she was being released under Section 236 of the Immigration and Nationality Act ("INA"). *Id.*, ¶ 39. Petitioner was released on the Alternatives to Detention ("ATD") program. *Id.*, ¶ 40. In 2023, petitioner was included in an application for asylum that was filed by her spouse, which is pending before the Denver Immigration Court. *Id.*, ¶ 41.

On May 20, 2026, petitioner received a call from ICE asking her to attend a check-in that same day. *Id.*, ¶ 43. Upon arriving for her check-in, petitioner was detained. *Id.*, ¶ 44. ICE officials stated, as reason her detention, that they had detected by ankle monitor that petitioner had traveled outside Colorado without requesting permission.[2] *Id.*, ¶ 44. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 12, ¶ 46.

On May 21, 2026, petitioner filed a Petition for Writ of Habeas Corpus. *See generally id*. Petitioner alleges a violation of her Fifth Amendment right to due process (Count I); unlawful revocation of her release in violation of governing regulations (Count II); and violation of 8 U.S.C. § 1226(a) (Count III). *See id.* at 12-16. Petitioner, among other forms of relief, requests her immediate release or, in the alternative, a bond hearing. *See id.* at 16-17.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *See id.* at 15, ¶¶ 64-65; Docket No. 9 at 2-4. Petitioner

---

[2] Petitioner states that her request for travel outside Colorado was approved by ICE, citing Exhibit 4 in support. *See* Docket No. 1 at 11, ¶ 42 (citing Docket No. 1-5). While Exhibit 4 is a request from petitioner to travel outside Colorado, there is no indication that this request was sent to or approved by ICE. *See* Docket No. 1-5.

2

contends that her detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because petitioner "was released on recognizance under section 236, lived in the United States for more than four years, and was not subsequently apprehended upon arrival as a newly arriving applicant for admission." *See* Docket No. 1 at 15, ¶ 65. Because she believes that § 1226(a) applies, petitioner argues that respondents must provide her with a bond hearing. *See id.*, ¶ 66. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled. Docket No. 9 at 2-4. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). The Court has ruled that the petitioners' detention is governed by § 1226. *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on. *See generally* Docket No. 9. The Court finds no distinguishing material facts between this case and *Alfaro Orellana*. Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*. Because there

3

is no evidence that petitioner has been provided a bond hearing, her current detention violates § 1226(a).  The Court will grant Count III of the habeas petition and order respondents to provide petitioner a bond hearing[3] within seven days of the date of this order.[4]

III.    **CONCLUSION**

Therefore, it is

**ORDERED** that petitioner Ana Maria Tarazona-Abril's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the

---

[3] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing.  *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").

[4] Because the Court will grant the habeas petition on the basis of petitioner's INA § 1226(a) claim, it will not reach petitioner's remaining claims and requests for relief. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").  Petitioner requests that the Court "[d]irect Respondents to suspend all Alternatives to Detention (ATD) program requirements and supervision conditions previously or currently imposed on Petitioner."  Docket No. 1 at 16. Petitioner provides no authority for her argument that the Court can revoke ATD program requirements that were imposed prior to her re-detention in May 2026. Regarding petitioner's request to enjoin respondents from imposing ATD program requirements if petitioner were granted release on bond, the Court finds that petitioner has not clearly established the necessity of granting this injunctive relief.  *See De La Cruz v. Baltazar*, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026).

government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

ORDERED that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED June 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").