IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02237-PAB

ANA MARIA TARAZONA-ABRIL,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Denver Field Office Director of Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement,[1]
DAREN MARGOLIN, EOIR Director, U.S. Department of Justice,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Ana Maria Tarazona-Abril's Motion to Enforce the Court's Order Granting Habeas Relief [Docket No. 13]. Respondents filed a response. Docket No. 16. Petitioner filed a reply. Docket No. 17.

## I.    BACKGROUND[2]

Petitioner is a national of Colombia who entered the United States without inspection or parole on May 12, 2022. Docket No. 1 at 4, 10, ¶¶ 12, 37. On May 14, 2022, petitioner was served with a Notice to Appear that classified her as an "alien present in the United States who has not been admitted or paroled." *Id.* at 11, ¶ 38.

---

[1] David Venturella is substituted as a party for Todd Lyons pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

That same day, petitioner was issued Form I-220A, Order of Release on Recognizance, that stated she was being released under Section 236 of the Immigration and Nationality Act ("INA").  *Id.*, ¶ 39.  Petitioner was released on the Alternatives to Detention ("ATD") program.  *Id.*, ¶ 40.  In 2023, petitioner was included in an application for asylum that was filed by her spouse, which is pending before the Denver Immigration Court.  *Id.*, ¶ 41.

On May 20, 2026, petitioner received a call from ICE asking her to attend a check-in that same day.  *Id.*, ¶ 43.  Upon arriving for her check-in, petitioner was detained.  *Id.*, ¶ 44.  ICE officials stated, as the reason for her detention, that they had detected through her ankle monitor that petitioner had traveled outside Colorado without requesting permission.[3]  *Id.*, ¶ 44.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 12, ¶ 46.

On May 21, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  *See generally id*.  On June 3, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing where "the government shall bear the burden of proving that petitioner's continued detention is justified."  Docket No. 10 at 4-5.  On June 12, 2026, petitioner filed a motion to enforce the Court's June 3 Order and for immediate release, noting that an immigration judge denied petitioner release on bond.  Docket No. 13 at 1-2.

---

[3] Petitioner states that her request for travel outside Colorado was approved by ICE, citing Exhibit 4 in support.  *See* Docket No. 1 at 11, ¶ 42 (citing Docket No. 1-5).  While Exhibit 4 is a request from petitioner to travel outside Colorado, there is no indication that this request was sent to or approved by ICE.  *See* Docket No. 1-5.

## II.    ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that respondents did not bear the burden of proof at the bond hearing in violation of the June 3 Order.  *See* Docket No. 13 at 5.  In support, petitioner claims that the immigration judge did not require respondents to clarify the nature of petitioner's alleged violations while enrolled in the ATD program.  *See id.*  Petitioner argues that the immigration judge did not properly consider petitioner's evidence.  *See id.* at 5-7.  Finally, petitioner argues that the Form I-213 introduced into evidence did not "provide clear and convincing evidence that flight risk was highly probable."  *Id.* at 7.

Petitioner fails to show that the immigration judge misapplied the burden of proof. Rather, petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that petitioner should be released on bond.  This the Court will not do.  Thus, petitioner fails to show that respondents did not comply with the Court's June 3 Order.  The Court will deny petitioner's motion to enforce.  *See Jovel v. Noem*, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting

3

framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at \*2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Ana Maria Tarazona-Abril's Motion to Enforce the Court's Order Granting Habeas Relief [Docket No. 13] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED July 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge